**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Sultan M. Chowdhury, | ) |
|     Plaintiff, | ) |
|         v. | ) Case Number: 1:05CV02368 (JGP) |
| Martin J. Gruenberg, | ) |
| Acting Chairman, | ) |
| Federal Deposit Insurance Corp. | ) |
|     Defendant. | ) |

## MOTION FOR ORDER PERMITTING ADDITIONAL TIME TO CONDUCT DEPOSITIONS

Defendant hereby moves this Court for an Order allowing defendant to take the deposition of plaintiff for up to two (2) seven (7) hour days. Defendant further moves the Court for permission to take the deposition of plaintiff's psychologist, Sandra Hoffman, for an additional one-half day, equivalent to three and on-half (3 1/2) hours. Plaintiff's counsel has objected to both requests, without stating any reason therefor, hence requiring this motion.

Based upon the factual and legal reasons stated below, defendant respectfully submits that the within motion is justified, brought in good faith, and will result in the fair examination of the designated deponents.

### MEMORANDUM OF POINTS AND AUTHORITIES

1.    Factual Background

Plaintiff filed the subject District Court action on December 9, 2005 which was served upon defendant on December 27, 2005. The parties filed their joint report, pursuant to LCvR 16.3, with the Court on March 31, 2006. On April 5, 2006, the Court

1

issued a "Scheduling Order," which provided, inter alia, that each party may take up to ten (10) depositions, not to exceed one (1) seven (7) hour day each.

The parties exchanged written discovery during mid-2006, although plaintiff still has not provided defendant with certain of his medical records. Defendant took the deposition of plaintiff's primary care physician, Dr. Vinu Ganti, on June 6, 2007. Defendant also deposed plaintiff's treating psychologist, Dr. Sandra Hoffman, on August 16, 2007, but was unable to complete same within the seven allotted hours.

Defendant has noticed the depositions of another medical provider, Dr. Martin Book, for September 10, 2007, and of plaintiff for September 11, 2007. Plaintiff's counsel has identified seven (7) employees of defendant for possible deposition; however, plaintiff has not taken any depositions in this matter to date. Discovery is currently scheduled to close on September 12, 2007.

Plaintiff's complaint herein alleges discrimination prohibited under Title VII of the Civil Rights Act of 1964, on the basies of race, color, national origin, religion, gender and retaliation. Plaintiff also alleges harassment and hostile work environment.

Plaintiff's complaint centers around two primary factual allegations: (1) that he was not selected for a one-year appointment as a "Supervisory Information Technology Specialist," and (2) that his supervisor allegedly harassed and taunted plaintiff, leading to plaintiff requiring disability retirement for psychological reasons.

<u>Sandra Hoffman Deposition</u>

Defendant's counsel first stated to plaintiff's counsel that he wised to depose Dr. Sandra Hoffman by e-mail dated October 25, 2006. Defendant's counsel agreed to produce her for deposition without subpoena, however, through a series of scheduling

problems (Plaintiff's and defendant's counsel and Dr. Hoffman) her deposition was not taken until August 16, 2007.

Plaintiff has received psychotherapy from Dr. Hoffman since May 4, 2004 and continues to this date. Dr. Hoffman has diagnosed plaintiff with "Major Depressive Disorder, Generalized Anxiety Disorder and Post-Traumatic Stress Disorder". It is Dr. Hoffman's diagnoses of the described disorders which played a significant role in plaintiff receiving disability retirement benefits. It is also Dr. Hoffman's contention that plaintiff's psychological disorders were precipitated and exacerbated by the treatment he allegedly received from his FDIC supervisor.

Prior to Dr. Hoffman's deposition, defendant's counsel was provided with forty (40) months of therapy notes (plaintiff's therapy sessions occurred every two weeks). In addition, documentation related to Dr. Hoffman's recommendations for plaintiff's various disability claims was provided to counsel.

The questioning of Dr. Hoffman centered around her education, professional experience and her various diagnoses of plaintiff and her opinions as to their causes. In addition, Dr. Hoffman was questioned about plaintiff's medical issues and what role, if any, they played in his psychological issues.

During the course of the deposition, Dr. Hoffman disclosed that the therapy notes described above were two-sided documents and that defendant had not been provided copies of the second side of any. Also, during the course of the deposition, Dr. Hoffman referred at times to notes in her possession, which defendant's counsel requested copies of but has not yet received. Finally, defendant has not yet been provided any billing materials for any of plaintiff's health care providers. Dr. Hoffman agreed at her

deposition to provide same to defendant, however, they have not been received as yet. Defendant's cumulative document issues were summarized in an e-mail to plaintiff's counsel on August 20, 2007, some dating back to October, 2006. <u>See,</u> Exhibit "A" attached hereto. As of the date of this filing, plaintiff's counsel has not responded to said e-mail or provided any documents to defendant.

Given the length of treatment received by plaintiff from Dr. Hoffman, the complexities involved with making multiple psychological diagnoses and the fact that Dr. Hoffman's professional opinions are central to plaintiff's claims herein, defendant requires an additional one-half day to complete her deposition.

<u>Plaintiff's Deposition</u>

Defendant has noticed plaintiff's deposition for September 11, 2007 and anticipates that there may be a need for a second day to complete same.

First and foremost, plaintiff's physical condition, according to his primary care physician, is not good. He apparently suffers from diabetes, hypertension, fibromyalgia and has had at least one stroke. As a result, it is unknown whether plaintiff can physically endure seven hours of questioning in one day, or be entirely responsive for that period of time.

Second, plaintiff's complaint herein seeks damages for multiple alleged acts of discrimination (non-selection for a position, denial of a discretionary award and the purported harassment by his supervisor which "drove" plaintiff into disability retirement). Further, the deposition testimony of plaintiff's primary care physician, Dr. Ganti, indicates that plaintiff has complained of stress since the mid-1990's.

4

In addition, defendant has not been provided records from plaintiff's neurologist and two other physicians, despite first requesting them in September, 2006. For these reasons, defendant anticipates that plaintiff's deposition may require up to two (2) seven hour days, although defendant's counsel will endeavor to complete the deposition in the fewest hours possible to achieve their discovery needs.

1. <u>Defendant is entitled to additional time pursuant to F.R.Civ.P. 30 (d)(2) to depose Plaintiff and further depose his psychologist given the number of claims and volume of documents in this case.</u>

Consistent with F.R.Civ.P. 26(b)(2), a court must provide additional time beyond the seven hour limitation for a deposition if needed to provide for a fair examination of the deponent. F.R.Civ.P. 30(d)(2). In making a determination as to the time needed to conduct a fair examination of a deponent, a court must look to the facts of each case. <u>Miller v. Waseca Medical Center,</u> 205 F.R.D. 537, 540 (D. Minn. 2002).

In a recent District of Columbia case, <u>Roberson v. Bair</u>, 242 F.R.D. 130 (May 10, 2007) the Court cited factors to be considered in a motion such as the instant motion:

> "In 2000, a seven-hour limit for a deposition was set, but the court is required to permit more time "consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed.R.Civ.P. 30(d)(2). The reference to "Rule 26(b)(2)" requires the court to limit the use of any discovery method if (1) the discovery is unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, or less burdensome or less expensive; (3) the party has had ample opportunity to obtain the information sought; or (4) the burden or expense of the proposed discovery outweighs its unlikely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)."
>
> <u>Roberson</u>, at 138.

5

Although the defendant in <u>Roberson</u> had requested two (2) additional days to complete plaintiff's deposition, the Court permitted only one (1) extra seven-hour day. With regard to the factors outlined above, the additional time required to complete the deposition of Dr. Hoffman is not unreasonable or cumulative in any respect.

The deposition of plaintiff's primary care physician, Dr. Ganti, was completed in seven hours, however, Dr. Ganti's treatment of plaintiff was not central to plaintiff's claim herein. Dr. Ganti testified that he had no involvement in plaintiff's claim for disability retirement, while Dr. Hoffman's psychotherapy of plaintiff was key in that regard. In order to fully explore and understand how Dr. Hoffman came to her conclusions requires examination of her and the forty (40) months of therapy notes relative to plaintiff.

Given the nature of psychotherapy, Dr. Hoffman and plaintiff are the only individuals capable of factually testifying in this regard.

This is an action brought pursuant to Title VII against a governmental agency. As a result, the compensatory damages alone can be as much as $300,000. Plaintiff is also seeking damages for back pay, front pay with accompanying benefits, interest on all damages, plus costs and attorney fees.

While defendant disputes all of plaintiff's allegations of wrongdoing, the need to fairly and completely question him regarding the purported facts surrounding those claims is critical for defendant mount a proper defense in this action. There were no administrative hearings or proceedings before the EEOC is this matter, therefore defendant has had no prior opportunity to cross-examine plaintiff or his witnesses.

As previously stated, plaintiff has alleged various forms of discrimination involving three distinct actions by defendant, plaintiff's non-selection for a position, plaintiff not being selected for a discretionary award, and plaintiff being criticized for his deficient writing performance.

Plaintiff, supported by Dr. Hoffman, then alleges that defendant's actions were so severe and pervasive that they "triggered," inter alia, "post-traumatic stress disorder." Putting aside the alleged "results" of defendant's actions, the purported facts which allegedly establish defendant's liability for same must be thoroughly explored with plaintiff and Dr. Hoffman.

While most, if not all, of these issues will hopefully be foreclosed by motion after the close of discovery, the defendant must be permitted in the meantime to explore the basis for plaintiff's allegations, evaluate the proof plaintiff intends to offer at trial, and to exhaust discovery so that the record is sufficient for this court to rule on potential dispositive motions at the close of discovery.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court grant defendant one-half additional day to complete the deposition of Dr. Sandra Hoffman.

For the same reasons, and in the interest of judicial economy, defendant further requests that this Court grant defendant up to one additional seven-hour day to take the deposition of plaintiff, which is currently noticed for September 11, 2007.

Defendant further requests that the Court require plaintiff to provide defendant, forthwith, all of the documents outlined and requested in Exhibit "A" hereto.

**LOCAL RULE 7(m) CERTIFICATION**

Pursuant to Local Rule 7(m) the undersigned counsel certifies that counsel Victor George has complied with this Rule by writing to Plaintiffs counsel on August 20, 2007 (Exhibit "A" hereto) and speaking with James Simpson, an associate in the office of Plaintiff's counsel, on August 16, 2007 following the deposition of Sandra Hoffman, regarding the contents and relief sought by this motion.  Mr. Simpson declined to consent to the relief sought herein regarding additional deposition time and has not provided the documents requested in Exhibit "A" hereto.

    Respectfully submitted,

/s/_____
Victor E. George
Counsel
CA Bar No. 89595
3501 Fairfax Drive, Room VS-E6004
Arlington, VA  22226
703-562-2395 (office)
703-562-2482 (fax)
vgeorge@fdic.gov