UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SULTAN M. CHOWDHURY, <br><br> Plaintiff, <br><br> v. <br><br> SHEILA C. BAIR, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-2368 (JGP) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER
PERMITTING ADDITIONAL TIME TO CONDUCT DEPOSITIONS**

**Introduction**

The Court should deny defendant's request for additional time to depose Dr. Sandra Hoffman, plaintiff's treating psychologist, as well as an additional day to depose the plaintiff, beyond the one-day, seven-hour limit established by the Federal Rules of Civil Procedure. In the former, defendant had ample opportunity to discover information during Dr. Hoffman's deposition, and in the latter, at best, defendant's motion for additional time to depose plaintiff is speculative and premature. Therefore, defendant's motion for an order permitting additional time to conduct depositions should be denied.

**Argument**

**I.   Deposition Limits Are Established by the Federal Rules of Civil Procedure.**

The Federal Rules clearly establish a time limit for depositions: "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). The Advisory Committee Notes further clarify that the time limit prevents undue costs and delays. *See* Advisory Committee Notes, 2000 Amendments, Fed.

R. Civ. P. 30(d)(2) ("The Committee has been informed that overlong depositions can result in undue costs and delays in some circumstances."). If a party seeks to exceed this limit, it must convince the court that the limit prevents a "fair examination" of the party in question. *See* Fed. R. Civ. P 30(d)(2).

## II. Defendant Deposed Plaintiff's Treating Psychologist for Nearly a Full Day.

Defendant has already deposed Dr. Hoffman for approximately six hours and thirty minutes - nearly a full day, as contemplated by the Federal Rules. Defendant argues that more time is necessary to depose Dr. Hoffman because "the complexities involved with making multiple psychological diagnoses and Dr. Hoffman's professional opinions are central to plaintiff's claims." *See* Defendant's Motion for Order Permitting Additional Time to Conduct Depositions ("Def.'s Mot.") at 4. During the nearly seven-hour deposition of Dr. Hoffman, defendant had sufficient time to explore the issues that form the basis for its instant motion.

Despite defendant's assertion that Dr. Hoffman "referred at times to notes in her possession," Def.'s Mot. at 3, Dr. Hoffman advised defendant's counsel that the notes she referred to consisted of a copy of her treatment notes for plaintiff already provided to defendant during discovery. As to Dr. Hoffman's statement that her therapy notes were two-sided, she also explained to defendant's counsel that the information on the reverse of those therapy notes was simply an annotation as to the date of a particular therapy session that coincided with those notes. In nearly every instance, therapy notes previously provided to defendant reflected the date of a particular therapy session. Therefore, defendant had ample opportunity to question Dr. Hoffman concerning her treatment of plaintiff.

### III. Defendant's Motion for an Additional Day to Depose Plaintiff is Based Upon Speculation.

Defendant asserts, at this time, that plaintiff's current medical condition "is not good" and that "it is unknown whether plaintiff can physically endure seven hours of questioning in one day, or be entirely responsive for that period of time." Def.'s Mot. at 4. While plaintiff's counsel appreciates defendant's counsel's concern for plaintiff's physical condition, there is no reason at this time to conclude that plaintiff will not be able to complete a seven-hour deposition. If circumstances develop which result in plaintiff not being able to complete a full day of deposition, then that specific issue - the possibility of plaintiff's deposition having to be continued over more than one day - should be addressed at that time.

While defendant is entitled to a fair opportunity to examine plaintiff during deposition, defendant's assertion - that plaintiff's physical condition will preclude such a fair opportunity - is not supported by facts, but represents speculation and is premature. There is no question that the plaintiff will appear at the scheduled deposition on September 11, 2007. However, defendant has not demonstrated a factual, supported rationale for needing more than the seven hours contemplated by the Federal Rules of Civil Procedure. Therefore, defendant's motion for an additional seven hours to depose plaintiff should be denied.

### Conclusion

For the foregoing reasons, defendant's motion for an order permitting additional time to conduct depositions beyond the limits set by Rule 30 of the Federal Rules of Civil Procedure should be denied.

                        Respectfully submitted,

                        _____/s/_____
                        David H. Shapiro
                        James E. Simpson
                        SWICK & SHAPIRO, P.C.
                        1225 Eye Street, N.W.
                        Suite 1290
                        Washington, D.C. 20005
                        (202) 842-0300

                        Attorneys for Plaintiff