UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SULTAN M. CHOWDHURY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-2368 (JGP) |
| | ) | |
| MARTIN J. GRUENBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT MOTION TO ENLARGE TIME FOR DISCOVERY AND ADJUST SCHEDULING ORDER

The plaintiff, by and through counsel, hereby respectfully moves this Court for an enlargement of time for discovery of 60 days from September 12, 2007, to November 12, 2007, and otherwise to adjust the schedule of future events in this matter. Discovery is presently set to close on September 12, 2007.

The reasons for this motion to enlarge the time for discovery include that the parties have scheduled and a number of the anticipated depositions, but the schedules for the parties' counsel and some of the deponents have precluded the scheduling of the remaining depositions. This consent motion seeks 60 days to complete discovery in an abundance of caution, particularly given the busy schedules for plaintiff's counsel.

Impacting on the scheduling of depositions in this matter was the extremely busy calendar for plaintiff's counsel during the period June through September 2007, which involved several post-trial matters in *Adams v. Mineta*, C.A. No. 04-0856 (D.D.C.) and *Bryant v. Leavitt*, C.A. No. 05-0250 (D.D.C.), as well as *Simpson v. Leavitt*, C.A. No. 03-1123 (D.D.C.). In addition, the primary associate working this case was out of the office for one full week in Charlotte, NC

from June 22-30, 2007, engaged in a hearing in the matter of *Landreth v. DOJ*, EEOC No. 140-2005-00078X, Agency File No. F-03-5804. In addition, plaintiff's counsel has been reviewing nearly twelve hundred pages of hearing transcript in that case to prepare for submitting a written closing brief.

Moreover, plaintiff's counsel was engaged in motions practice and discovery in the matters of *Johnson v. Billington*, C. A. No. 98-1618 (D.D.C.); *Chowdhury v. FDIC*, C.A. No. 05-2368 (D.D.C.); *Chappell-Johnson v. FDIC*, C.A. No. 06-0314 (D.D.C.); *Jeffers v. PBGC*, C.A. No. 03-1762 (D.D.C.); *Duvall v. DHHS*, MSPB Docket No. DC-0752-07-0131-I-2; *Dancy v. DOJ*, MSPB Docket No. DC-0752-07-0039-I-2; *Chappell-Johnson v. FDIC*, C.A. No. 06-1074 (D.D.C.); *Torres v. GPO*, C.A. No. 05-2158 (D.D.C.); *Geleta v. District of Columbia*, C.A. No. 06-1822 (RJL); and *Chappell-Johnson v. FDIC*, C.A. No. 03-1557 (D.D.C.). Several of these matters will require continued discovery and motions practice on the part of plaintiff's counsel. In the matter of *Jeffers v. PBGC*, C.A. No. 03-1762 (D.D.C.), plaintiff's counsel had scheduled depositions of witnesses four times (in May, June, July, and August) and in three of those instances, the depositions were postponed shortly before the scheduled dates due to unavailability of witnesses and/or defendant's counsel. In addition, plaintiff's counsel is engaged in preparing an opposition to a motion for summary judgment in the matter of *Chappell-Johnson v. FDIC*, C.A. No. 06-0314 (D.D.C.).

Moreover, the primary associate working on this case has been engaged in several mediation efforts in the matter of *Torres v. GPO*, C.A. No. 05-2158, of which all but one was rescheduled due to the unavailability of defendant's counsel. In addition, the associate has also been involved in preparing written responses and appeals of adverse personnel actions in the

matters of *In Re: Roper, In Re: Osa, In Re: Davis, In Re: Hallman, In Re: Schoeberl,* and *In Re: Wall.*

In addition, plaintiff's counsel currently have multiple depositions and other legal business that will require them to be out of the office during September and October, in the matters of *Perkins v. Dept Veteran of Affairs,* EEOC No. 530-2007-00304X; Agency No. 200H-0284-2006102798, and *In Re: Chester.* Also, the primary associate on this case has a hearing scheduled on September 19, 2007, in the matter of *Duvall v. DHHS,* MSPB Docket No. DC-0752-07-0131-I-2.

In the instant case, on August 22, 2007, defendant's counsel filed a motion with this Court seeking an order permitting additional time for depositions - for plaintiff and Dr. Sandra Hoffman, his treating psychologist. On September 7, 2007, plaintiff's counsel filed an opposition to that motion, and defendant's counsel will most likely file a reply to that opposition. It is unlikely that this Court will render a decision on that motion before the end of discovery. Moreover, defendant's counsel had noted the deposition of Dr. Martin J. Book, one of plaintiff's treating health care professionals, for September 10, 2007. Exhibit 1. However, on September 7, an attorney for Dr. Book filed a motion to reset that deposition within thirty days. Exhibit 2. Therefore, there is good cause for this Court to grant this consent motion.

Plaintiff's counsel has discussed this consent motion with defendant's counsel, and defendant's counsel has stated that defendant does consent.

Plaintiff respectfully requests that this Court grant his consent motion for an enlargement of time for discovery of 60 days from September 12, 2007, to November 12, 2007, and otherwise to adjust the schedule of future events in this matter.

3

Respectfully Submitted,


_____ /s/ _____
David H. Shapiro, D.C. Bar # 961326
James E. Simpson, D.C. Bar # 482870
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C.  20005
(202) 842-0300
FAX (202) 842-1418

Attorneys for Plaintiff

4