Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - x
SULTAN M. CHOWDHURY,           :
        Plaintiff,             : Civil Action Number:
                               :
v.                             : 05-2368 (RMU)
                               :
SHELIA C. BAIR,                :
        Defendant.             :
- - - - - - - - - - - - x

Washington, D.C.

Tuesday, April 15, 2008

Deposition of
            MAUREEN E. SWEENEY
a witness of lawful age, taken on behalf of the
Plaintiff in the above-entitled action, before Leanne
M. Krivonak, a Notary Public in and for the District of
Columbia, at the offices of Swick & Shapiro, 1225 Eye
Street, N.W., Suite 1290, commencing at approximately
2:16 p.m.

            Diversified Reporting Services, Inc.
                    (202) 467-9200

Page 2

APPEARANCES:

On Behalf of the Plaintiff:
    DAVID H. SHAPIRO, ESQ.
    JAMES E. SIMPSON, ESQ.
    Swick & Shapiro
    1225 Eye Street, N.W.
    Suite 1290
    Washington, D.C. 20005
    (202) 842-0300

On Behalf of the Federal Deposit
Insurance Corporation:

    TINA A. LAMOREAUX, ESQ.
    Federal Deposit Insurance Corporation
    Legal Division
    Room D-6138
    3501 Fairfax Drive
    Arlington, Virginia 22226
    (703) 562-2304

Also Present:

    Sultan M. Chowdhury

Page 3

CONTENTS

                                                    PAGE

EXAMINATION ON BEHALF OF THE PLAINTIFF:    4, 10

    By Mr. Shapiro

EXAMINATION ON BEHALF OF THE DEFENDANT:    100
    By Ms. Lamoreaux

EXHIBITS

                                                    PAGE

Number 1 — Memo: Your Notice of           38
    Unsatisfactory Performance/PIP
    To: Martin Henning
    From: Sultan Chowdhury
    August 30, 2004

Page 4

1            PROCEEDINGS
2  Whereupon,
3            MAUREEN E. SWEENEY
4  was called for examination by counsel for the Office of
5  the United States Trustee, and having been first duly
6  sworn, was examined and testified as follows:
7        EXAMINATION ON BEHALF OF THE PLAINTIFF
8        BY MR. SHAPIRO:
9    Q    Would you state your full name, please, ma'am.
10   A    Maureen Evelyn Sweeney.
11   Q    And can you give us your current residential
12  address?
13   A    8807 Skokie Lane, Vienna, Virginia 22182.
14   Q    Skokie?
15   A    S-K-O-K-I-E.
16   Q    In Vienna?
17   A    Yes.
18   Q    And the ZIP?
19   A    22182.
20   Q    Any plans to move?
21   A    No.
22   Q    Good.

Page 101

1  personality conflict between Mr. Henning and Mr.
2  Chowdhury?
3     A   The — no, it was a difference of opinion on
4  performance.
5     Q   On Mr. Chowdhury's written communication; is
6  that correct?
7     A   Yes.
8        MS. LAMOREAUX: I have no further questions.
9        FURTHER EXAMINATION BY THE PLAINTIFF
10       BY MR. SHAPIRO:
11    Q   How many times did employee ask to move — ask
12 to be moved when they're on a PIP, when they're being
13 placed on PIP? How many times has that happened in
14 your career?
15    A   None that I can recall.
16    Q   Except this time; correct?
17    A   None that I can recall.
18    Q   Other than this time?
19    A   A Performance Improvement Plan is intended to
20 help an employee improve their performance. It's —
21    Q   Yes, I understand.
22    A   — it's not — it's not to — the intention

Page 102

1  isn't — it's not a punitive matter. The intention is
2  to try to help an employee bring their performance up
3  in a particular area.
4     Q   How many times have employees been placed on
5  PIPs in your management?
6     A   In my direct supervision?
7     Q   Yes. Have you placed an employee on a PIP?
8     A   I have not placed an employee on a PIP.
9     Q   Ever? Is that correct?
10    A   Correct.
11    Q   How many times have one of your direct reports
12 placed an employee on a PIP that you know of — in
13 addition to this one here with Henning and Chowdhury?
14    A   There have been people in my — in my chain of
15 command who have placed people on PIPs before, yes.
16    Q   I understand.
17       Has any of your direct reports ever placed
18 somebody on a PIP aside from Henning placing Chowdhury
19 on a PIP?
20    A   Not to my knowledge not one of my direct
21 reports, but there have been people in my chain of
22 command.

Page 103

1     Q   Yes, I understand.
2        How many times have you been — faced a
3  situation — a situation in which an employee was
4  asking for or it was being asked for by the Union to
5  move the employee who was on a PIP in addition to Mr.
6  Chowdhury? Any other times that that has happened?
7     A   No.
8     Q   So you don't have a policy? It's not the
9  policy of moving anybody. This is only —
10       MS. LAMOREAUX: Object to the form of the
11 question.
12       BY MR. SHAPIRO:
13    Q   — the only time you've ever confronted this
14 situation was with Chowdhury when it was sought that he
15 should be moved away from Henning while he was on PIP,
16 correct? That's the only time it happened?
17    A   You asked me if we had a policy. We don't
18 have a policy for moving an employee who is on a PIP.
19    Q   You have no policy one way or the other; do
20 you?
21    A   To complete a PIP you need to be in the job in
22 which you are performing those duties in order to show

Page 104

1  improvement.
2     Q   I understand that.
3        The only time that you've been confronted with
4  an employee seeking to leave a supervisor's supervision
5  when he was on a PIP was when Chowdhury was trying to
6  leave Henning's supervision. Correct?
7     A   In the other instances in which an employee
8  was on a PIP they remained in their position until
9  their PIP was completed.
10    Q   Ma'am, I didn't ask you that.
11       The only time anybody asked to leave was when
12 the Union asked for Chowdhury to leave during the PIP.
13 That's the only time this happened?
14       MS. LAMOREAUX: Object to the form of the
15 question.
16       BY MR. SHAPIRO:
17    Q   Correct?
18       It was sui generis, correct?
19    A   No other employee — we do not have a policy
20 of moving an employee when —
21    Q   I'm not asking you about policy.
22    A   — they are on —