## AFFIDAVIT

WASHINGTON

DISTRICT OF COLUMBIA

I, James M. Barker, am a Caucasian male, born January 2, 1950 in the United States of America, and I have never filed an EEO complaint. Knowing that this statement may be used in evidence, I make the following statement freely and voluntarily to Sylvia D. Drummond, who has identified herself to me as a Contract Investigator for the Federal Deposit Insurance Corporation (FDIC) investigating complaints of discrimination filed by Sultan M. Chowdhury (Complainant). I understand that this statement is not confidential and may be disclosed to interested parties having a legal right to know it contents. I hereby solemnly swear or affirm:

1. The Investigator has informed me that the following claim has been accepted for investigation:

    "Whether Complainant was discriminated against on the bases of race (Asian), color (Brown), national origin (Bangladesh), sex (male), age (birth date: October 24, 1955), and retaliation (prior EEO activity), when on January 23, 2004, he learned that he was not selected for one of multiple Supervisory IT Specialist positions, advertised under Vacancy Announcement Number 2003-HQ-2360, in the Division of Information Resources Management ("DIRM"), Washington, DC."

Initials

2.  My position title is Senior Counsel, CG-E1, FDIC, Legal Division, Corporate Operations Branch, Legal Operations Section, Legal Information Technology Unit.  I have held my current position since 1996, and have worked for the FDIC for approximately nineteen years.  My first level supervisor is James T. Lantelme, Assistant General Counsel, FDIC, Legal Division, Corporate Operations Branch, Legal Operations Section; my second level supervisor is Erica F. Bovenzi, Deputy General Counsel, FDIC, Legal Division, Corporate Operations Branch.

3.  At the request of Mark Brenneman, Assistant Director, FDIC, Division of Information Resources Management, I served on the panel that conducted structured interviews with applicants who were referred for consideration for the position of Supervisory IT Specialist, DIRM, advertised under Vacancy Announcement Number 2003-HQ-2360.  Mr. Brenneman and Ralph Elosser, Assistant Director, FDIC, Division of Finance, also served on the panel.  Mr. Brenneman asked me to assist in the structured interviews; I did not receive written instructions other than an electronic mail message transmitting the structured interview questions and the Interviewer's Documentation Form.  I have searched my personal records and was unable to locate a copy of the above-referenced electronic mail message.

4.  Each applicant was asked the same questions and each interview lasted one-half hour, with no follow-up or additional questions other than those specifically listed on the Interviewer's Documentation Form.  I assessed the applicants solely on their performance during the interviews.  I did not take extensive notes and wrote just enough to differentiate between applicants and remember the applicants.  Applicants did not receive scores and I did not review their respective application materials.

Initials

5. After the interviews were conducted, I independently ranked the candidates. I then sent an email to Mr. Brenneman with my ranking of the applicants. While I do not remember specifics about what distinguished the top rated applicants from the Complainant, I do recall that in my judgment those applicants performed better than Complainant during the interview.

6. Over the past two years, I have on occasion served on panels and interviewed applicants. The candidates I regarded as top ranked represented a diverse group of individuals in terms of age, race, national origin and gender.

7. At the time the panel convened, I was aware of Complainant's race/color/national origin, gender and approximate age because I worked with him in the past. Prior to serving on the panel, I believe that I was aware that Complainant had filed a prior complaint or otherwise participated in EEO activity in the past.

8. I did not discriminate against Complainant as alleged.

_____
Signature

Signed and sworn to before me
On this _12th_ day of _August_, 2004
At _____

_____
Neutral witness, notary or investigator

Initials

**PRIVACY ACT NOTICE TO EEO COMPLAINT INTERVIEW WITNESSES**
**(OTHER THAN COMPLAINANT)**
**FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW**

GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

AUTHORITY

The authority to collect the information requested by affidavit, statement or other type of testimony is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the equal employment opportunity (EEO) complaint of discrimination and/or reprisal. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the EEO complaint of discrimination and/or reprisal. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to the Federal Deposit Insurance Corporation activities, or to others for uses as published in the Federal Register.

EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary; however, failure to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you up to and including removal. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____
Signature of Interviewer

_____
Signature of Affiant

7/13/04
_____
Date

1717 H ST. NW, H-3141
_____
Place  WASHINGTON, DC 20006

# FDIC

**Federal Deposit Insurance Corporation**

3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500                    Office of Diversity and Economic Opportunity

NOTICE OF RIGHTS OF WITNESSES
IN
EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1.    To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2.    To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3.    To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4.    To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5.    To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _____    DATE: 7.13.04

SUPPLEMENTAL AFFIDAVIT

WASHINGTON

DISTRICT OF COLUMBIA

I, James M. Barker, (Caucasian, American, male, DOB: January 2, 1950, and no prior EEO activity), Senior Counsel, Corporate Operations Branch, Legal Operations Section, Legal Information Technology Unit, Legal Division, Federal Deposit Insurance Corporation, Washington, DC, hereby make the following statement as a supplement to my affidavit, dated August 12, 2004. I understand that this statement is not confidential and may be shown to any interested party with a legal need-to-know.

I hereby state:

On August 12, 2004, I did sign an affidavit regarding my response to the following allegation:

**FDICEO-040025**

Whether Complainant was discriminated against on the bases of race (Asian), color (Brown), national origin (Bangladesh,) sex (male), age (DOB: October 24, 1955), and retaliation (prior EEO activity), when on January 23, 2004, he learned that he was not selected for one of multiple Supervisory IT Specialist positions, advertised under Vacancy Announcement Number 2003-HQ-2360, in the Division of Information Resources Management ("DIRM"), Washington, DC.

Initials

1.  I have been requested to provide clarification regarding my role and rationale in

    rating Complainant's job application.  Specifically, I have been asked to explain how

    I rated Complainant and the three Selectees on the ranking factors for the Supervisory

    IT Specialist, CG-2210-15 positions, advertised under vacancy announcement no.

    2003-HQ-2360.

    Response:

    For each candidate, including the Complainant, Sultan M. Chowdhury, I considered

    only the applicant's overall performance in the structured interview.  I neither

    reviewed nor considered the KSAs or Quality Ranking Factors separately.  The

    structured interview questions were neither individually ranked nor evaluated.  The

    selecting official made the final selection decisions independently.

I have read the above statement, consisting of two pages and I affirm under penalty of
perjury that it is true and correct. I understand that the information I have given is not
confidential and may be shown to parties with a legal need-to-know.

Executed on October 15, 2004

_____
Signature of person giving statement

_____
Signature of person witnessing above signature

_Luis Echeverria_
Printed or typed name of person witnessing above signature

Page 2 of 2                                    Initials

SECOND SUPPLEMENTAL AFFIDAVIT

WASHINGTON
DISTRICT OF COLUMBIA

I, James M. Barker, (Caucasian, American, male, DOB: January 2, 1950, and no prior EEO activity), Senior Counsel, Corporate Operations Branch, Legal Operations Section, Legal Information Technology Unit, Legal Division, Federal Deposit Insurance Corporation, Washington, DC, hereby make the following statement as a supplement to my supplemental affidavit, dated October 15, 2004. I understand that this statement is not confidential and may be shown to any interested party with a legal need-to-know.

I hereby state:

On October 15, 2004, I signed a Supplemental Affidavit regarding my response to the following allegation:

**FDICEO-040025**

> Whether Complainant was discriminated against on the bases of race (Asian), color (Brown), national origin (Bangladesh,) sex (male), age (DOB: October 24, 1955), and retaliation (prior EEO activity), when on January 23, 2004, he learned that he was not selected for one of multiple Supervisory IT Specialist positions, advertised under Vacancy Announcement Number 2003-HQ-2360, in the Division of Information Resources Management ("DIRM"), Washington, DC.

1. I have been requested to provide clarification of a statement that I made in the Supplemental Affidavit dated October 15, 2004, when I stated that "I considered only the applicant's overall performance in the structured interview. I neither reviewed nor considered the KSAs or Quality Ranking Factors separately. The structured interview questions were neither individually ranked nor evaluated." Please explain how you determined that Marcia Boardley would be ranked as Candidate 1, Noreen Padilla would be ranked as Candidate 2, Melanie Ciaschi would be ranked as Candidate 4, and that Complainant would not be ranked among the top five candidates? Please also provide a detailed explanation of the differences in the

Page 1 of 2

Initials [signature]

interview performance of Complainant, Ms. Boardley, Ms. Padilla, and Ms. Ciaschi which led to your ranking results.

2.  Response:

As stated previously, I considered only each applicant's overall performance in the structured interview.  I am unable at this time— given that the interviews in question were conducted approximately a year ago— to recall in specific detail the individual interviews of the several applicants.

Likewise, insofar as explaining precisely how I determined my ranking of the candidates, my overall impression is that each of the candidates that I ranked in the top five performed extremely well in the structured interview.  My recollection is that, in my judgment, Ms. Boardley, Ms. Padilla and Ms. Ciaschi performed better in their respective interviews than did Mr. Chowdhury, the Complainant, in terms of appearing confident and poised, providing clear, logical, direct and relevant responses to the questions on the Interviewer's Documentation Form, and demonstrating interest and enthusiasm for the position.  Beyond that, I am unable to provide the requested "detailed explanation of the differences in the interview performance of Complainant, Ms. Boardley, Ms. Padilla, and Ms. Ciaschi."

I have read the above statement, consisting of __2__ pages and I affirm under penalty of perjury that it is true and correct. I understand that the information I have given is not confidential and may be shown to parties with a legal need-to-know.

Executed on __11.8.04__

_____
Signature of person giving statement

_____
Signature of person witnessing above signature

_Luis Echeverria_
_____
Printed or typed name of person witnessing above signature

**FDIC**

**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500                    Office of Diversity and Economic Opportunity

NOTICE OF RIGHTS OF WITNESSES
IN
EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1.      To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2.      To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3.      To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4.      To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5.      To review your affidavit and make corrections or other changes <u>prior to</u> signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _____        DATE: 11.8.04