UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SULTAN M. CHOWDHURY
10838 Hillbrooke Lane
Potomac, MD 20854

       Plaintiff,

       v.

DONNA A. TANOUE, CHAIRMAN
FEDERAL DEPOSIT INSURANCE
CORPORATION
550 – 17TH Street, N.W.
Washington, D.C. 20429

       Defendant.

Civil Action No.00-239 (ESH)

## AMENDED COMPLAINT

1.  This is an employment discrimination suit brought under Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §§ 2000e-5 and 2000e-16 (Title VII), by a Grade 14

employee of the Federal Deposit Insurance Corporation (FDIC) who claims that his non-

selection for a number of Grade 15 vacancies within FDIC was due to continuing discrimination

against plaintiff because of his race (Asian) and his national origin (Bangladesh) and was also

due to continuing retaliation against him because of his prior discrimination complaints.  In

addition, plaintiff claims that because of his race and national origin and because of retaliation

against him he received a lower cash award for performance on a project than other FDIC

employees who worked on the same project.

**SOF - EXHIBIT  A**

2. Plaintiff Sultan M. Chowdhury is a citizen of the United States who was born in Bangladesh. He is an employee of FDIC. Defendant Donna A. Tanoue is sued in her official capacity as Chairman and therefore head of FDIC, a federal corporation and agency of the United States, which employs more than 500 persons.

3. FDIC has its headquarters in the District of Columbia and maintains and administers the employment records that are relevant to the discriminatory actions complained of in this suit in the District of Columbia. Therefore, venue in this Court is proper under Title VII, 42 U.S.C. §2000e-5(f)(3).

## Background Facts

4. Plaintiff Chowdhury received his Bachelor of Arts degree in Chittagong, Bangladesh in 1976. Since coming to this country in 1983, he has continued his education and has obtained Master of Science degrees in Technology Management and in Computer Science. In 1991 he was licensed by the State of Maryland as a Certified Public Accountant. Before he began work at the FDIC in 1991, Mr. Chowdhury worked for the U.S. Agency for International Development in Bangladesh and held a series of positions of increasing responsibility with private employers abroad and within the United States. In several of these jobs he supervised as many as six other employees.

5. In June 1991 Mr. Chowdhury was hired by FDIC as a Grade 12 Computer Specialist within its Division of Information Resources Management (DIRM). Since then he has been promoted to a Grade 14 Senior Computer Specialist. Mr. Chowdhury has also served as a Project Manager and team leader. As Project Manager he has supervised as many as 45 FDIC and contractor personnel. For more than a year he also served as unit chief with responsibility for supervising six other employees and 10 FDIC contractors. Mr. Chowdhury specializes in the

development, management, and implementation of complex information systems projects. He has been responsible for solutions of complex problems and for innovations that have saved FDIC millions of dollars. Mr. Chowdhury's performance ratings at FDIC have consistently been "outstanding" and "superior," and he has received repeated recognition and cash awards for his work.

6. Since 1996 Mr. Chowdhury has repeatedly applied, in vain, for vacant Supervisory Computer Specialist positions at the Grade 15 level. In every case, except for a single selection of an African-American by an African-American selecting official in 1998 a Caucasian (white) candidate has been selected to fill the vacancy. Since 1996 there have been 17 such selections of whites to fill Supervisory Computer Specialist vacancies at the Grade 15 level within DIRM for which Mr. Chowdhury applied and was rated qualified. The Director of DIRM (white) approves all selections and appointments within DIRM to positions at Grade 15 and higher.

7. Since 1996 Mr. Chowdhury has also applied for and has been rated qualified to fill seven Supervisory Computer Specialist vacancies at the Grade 14 level within DIRM, and in six of those instances Grade 13 white candidates were selected and promoted instead of Mr. Chowdhury, who was already a Grade 14. In the seventh instance an African-American was selected to fill the vacancy by lateral reassignment.

8. In addition since 1996 Mr. Chowdhury has applied for several other Grade 15 vacant positions within DIRM. He was rated qualified for each of these positions but was not selected to fill any of them. One selection was cancelled and the vacancy was filled by lateral reassignment of a white Grade 15 DIRM employee. White candidates were selected to fill the other vacant positions.

9. Because of a continuing pattern and practice of discriminatory selection decisions by white DIRM managers and by supervisors who have, almost without exception, chosen other whites for promotion to senior positions, there has been a "glass ceiling" within DIRM that excludes virtually all non-white employees and all employees of Asian national origin from supervisory positions, regardless of grade, and from all positions above Grade 14. As of September 25, 1997, whites constituted 70.25% of the DIRM workforce but held 40 of the 41 DIRM positions (97.6%) at Grade 15 or above. As of that same date, 24 of the 29 (82.7%) of the Asian Americans employed in DIRM, including Mr. Chowdhury, held Grade 13 or Grade 14 positions, but not one Asian American held a position above Grade 14.

Facts Concerning Specific Title VII Violations

10. In December 1996 FDIC issued Vacancy Announcement No. 96-B-1252 inviting permanent FDIC employees to apply for the Grade 15 position of Supervisory Computer Specialist, Chief of the Database Management Section within DIRM. Mr. Chowdhury submitted a timely application for that vacancy. He was found qualified for the position and was interviewed by the selecting official (white), who told Mr. Chowdhury that he was the best qualified candidate for the vacant position, but that she had received calls from her superiors instructing her to hire another person. In early 1997 a less qualified white candidate of non-Asian national origin was selected for the vacant position.

11. In May 1997 FDIC issued Vacancy Announcement No. 97-B-269 inviting permanent FDIC employees to apply for the Grade 15 position of Supervisory Computer Specialist, Chief of DOF Financial Management Section within DIRM. Mr. Chowdhury submitted a timely application for that vacancy. He was found qualified for the position. The selecting official (white), who did not interview any of the candidates, selected a less qualified white candidate of

4

non-Asian national origin for the vacant position. As of March 1999 this same official had selected six other section chiefs, all of whom were white and of non-Asian national origin.

12. In 1997 Mr. Chowdhury learned that the same senior DIRM manager who served as selecting official under Vacancy Announcement No. 97-B-269 (see ¶ 11) had approved cash awards for several white DIRM employees that were twice as large ($5,000 v. $2,500) as the award given to Mr. Chowdhury for his work on the same project. Among the beneficiaries of these larger awards was the white candidate who was chosen to fill the vacant position under Vacancy Announcement No. 97-B-269. Mr. Chowdhury's contributions to the project entitled him to receive the same cash award ($5,000) as FDIC gave to other DIRM employees who worked on that project.

13. In March 1998, FDIC issued Vacancy Announcement No. 98-B-082 inviting applications for four different Grade 15 Supervisory Computer Specialist positions within DIRM. Mr. Chowdhury applied for all of the announced positions and was found qualified for all of them, but was not interviewed for any of them. Less qualified white persons of non-Asian national origin were selected to fill all four positions.

14. In 1998 FDIC issued the following vacancy announcements for four different Grade 15 positions within DIRM for all of which Mr. Chowdhury was qualified:

   (a) Vacancy Announcement No. 98-B-323-A, for the position of Special Assistant to the Deputy Director of DIRM;

   (b) Vacancy Announcement No. 98-B-242-A for the position of Supervisory Computer Specialist;

   (c) Vacancy Announcement No. 98-B-315 for the position of Supervisory Computer Specialist;

   (d) Vacancy Announcement No. 98-B-297-A for the position of Supervisory Information Resources Management (IRM) Planning Specialist.

Mr. Chowdhury applied for all four positions and in each case was placed on the roster of qualified candidates. He learned in February 1999 that he was not selected for any of the four positions. In one instance the selecting official (white) chose to fill the vacant position by lateral reassignment of a Grade 15 DIRM employee, which by definition excluded Mr. Chowdhury and other non-whites. Less qualified candidates (two white persons of non-Asian national origin and one African American) were selected to fill the other three positions. The selecting official in two instances was the same African-American manager. The selecting officials in the other two instances were white managers of non-Asian national origin.

15. In all of the selections referred to in ¶ 6 and ¶ 8 and in each of the specific instances described in ¶¶ 10, 11, 13, and 14, Mr. Chowdhury was better qualified to fill the vacant DIRM position than the person(s) selected. His non-selection reflected and was part of a pattern and practice of selecting white candidates of non-Asian national origin, to the virtual exclusion of all other candidates, to fill and hold supervisory positions and Grade 15 and higher positions within DIRM.

Exhaustion of Administrative Remedies

16. Mr. Chowdhury made a timely informal complaint to an EEO counselor within FDIC after he learned of his non-selection for each of the vacant Grade 15 DIRM positions described in ¶¶ 10, 11, 13, and 14. He also made a timely informal complaint to an EEO counselor within FDIC after he learned of the differential cash awards described in ¶ 12. After each counseling period had ended without satisfactory resolution of his informal complaint, Mr. Chowdhury filed a timely formal complaint within FDIC alleging, among other things, that his non-selection for each of the vacant DIRM Grade 15 positions described in ¶¶ 10, 11, 13, and 14 and his lower cash award, as described in ¶ 12, was due to discrimination against Mr. Chowdhury because of

6

his race (Asian) and his national origin (Bangladesh). He also alleged that his non-selection for each of the vacant positions described in ¶ 14 was the result of reprisal against Mr. Chowdhury for his prior discrimination complaints. FDIC investigated his complaints of the selections described in ¶ 10 and ¶ 11.

17. No action has been taken by FDIC to resolve any of Mr. Chowdhury's formal administrative complaints described in ¶ 16. More than 180 days has elapsed since each of those complaints was filed with FDIC. Mr. Chowdhury has sufficiently exhausted his available administrative remedies before filing this action.

<u>Violations of Title VII</u>

18. In all of the selections referred to in ¶¶ 6-8 and in each of the instances described in ¶¶ 10, 11, 13, and 14, FDIC discriminated against Mr. Chowdhury because of his race (Asian) and violated Title VII in not selecting him to fill the vacant position.

19. In all of the selections referred to in ¶¶ 6-8 and in each of the instances described in ¶¶ 10, 11, 13, and 14, FDIC discriminated against Mr. Chowdhury because of his national origin (Bangladesh) and violated Title VII in not selecting him to fill the vacant position.

20. In the selections referred to in ¶¶ 6-8 and in each of the instances described in ¶ 10, 11, 13, and 14 FDIC discriminated and retaliated against Mr. Chowdhury because of his prior protests and complaints against discrimination and violated Title VII in not selecting him to fill the vacant position.

21. FDIC discriminated against Mr. Chowdhury because of his race (Asian) and violated Title VII in giving him a smaller cash award than it gave to other DIRM employees for work on the same project, as described in ¶ 12.

22. FDIC discriminated against Mr. Chowdhury because of his national origin (Bangladesh) and violated Title VII in giving him a smaller cash award than it gave to other DIRM employees for work on the same project, as described in ¶ 12.

23. FDIC discriminated and retaliated against Mr. Chowdhury because of his prior protests and complaints against discrimination and violated Title VII in giving him a smaller cash award than it gave to other DIRM employees, as described in ¶ 12.

## Entitlement to Compensatory Damages

24. Each and all of the discriminatory and retaliatory actions of FDIC described in the preceding paragraphs has inflicted emotional pain and suffering, humiliation, mental anguish, and loss of enjoyment of life on Mr. Chowdhury.

## Prayer

Plaintiff Chowdhury requests that the Court grant him the following relief:

A. Find and declare that the actions of FDIC since 1996 alleged above violated Title VII and constituted part of a continuing violation of Title VII because they discriminated against plaintiff because of his race and national origin and because of his prior protests and complaints against such discrimination;

B. As to each and all of the vacancies and selections referred to in ¶ 6 and ¶ 8 and those more specifically described in ¶¶ 10, 11, 13, and 14, above, award plaintiff the position in question or an equivalent Grade 15 supervisory position with back pay and benefits, including all increments, increases, and interest thereon, retroactive to the effective date of the selection made to fill that vacancy;

8

C. As to the cash award described in ¶ 12, award Mr. Chowdhury the additional sum of $2,500, with interest thereon from the date of the original award;

D. Award Mr. Chowdhury damages in such amount as will compensate him for the pain and suffering, humiliation, mental anguish, and loss of enjoyment of life that FDIC's actions described above have caused him;

E. Enjoin FDIC to cease and henceforth refrain from discriminating and retaliating against Mr. Chowdhury because of his race, his national origin, and his past protests and complaints against discrimination, including this action;

F. Award Mr. Chowdhury the costs of this action, including reasonable attorney fees;

F. Grant Mr. Chowdhury such other relief as may be just and proper in the circumstances.


## Jury Trial Demand

Plaintiff demands a trial by jury.


James H. Heller, Bar No. 79350
Stephen Z. Chertkof, Bar No. 451713
Heller, Huron, Chertkof, Lerner
  Simon & Salzman
1730 M Street, N.W., Suite 412
Washington, DC 20036-4517
(202) 293-8090

Attorneys for Plaintiff

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2000, copies of the foregoing Amended Complaint were delivered to the office of the Chief of the Civil Division of the Office of the United States Attorney for the District of Columbia, 10th Floor, Judiciary Center, 555 – 4th Street, N. W., Washington, D.C, and to the office of the General Counsel of the Federal Deposit Insurance Corporation, 555 – 17th Street, N.W., Washington, D.C.


James H. Heller