**FILED**
MAR 7 - 2011
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SULTAN CHOWDHURY,          :
                           :
        Plaintiff,         :   Civil Action No.:   05-2368 (RMU)
                           :
    v.                     :
                           :
SHEILA C. BAIR, Chairman,  :
Federal Deposit Insurance Corporation, :
                           :
        Defendant.         :

## JURY VERDICT FORM

A.  Nonselection for Supervisory Information Technology Specialist Position

1.  Has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Mark Brenneman, not to select Mr. Chowdhury for one of three supervisory information technology specialist positions was because Mr. Brenneman intentionally discriminated against Mr. Chowdhury on the basis of his race, religion, national origin, color or sex?

    ☐ YES            ☐ NO

2.  Has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Mark Brenneman, not to select Mr. Chowdhury for one of three supervisory information technology specialist positions was because Mr. Brenneman intentionally retaliated against Mr. Chowdhury for previously engaging in protected civil rights activity?

    ✓ YES            ☐ NO

B. <u>Internal Job Rotation Program</u>

    3.    Has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Martin Henning, not to approve Mr. Chowdhury's participation in the Internal Job Rotation Program was because Mr. Henning intentionally discriminated against Mr. Chowdhury on the basis of his race, religion, national origin or color?

        ☐ YES          ☑ NO

    4.    Has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Martin Henning, not to approve Mr. Chowdhury's participation in the Internal Job Rotation Program was because Mr. Henning intentionally retaliated against Mr. Chowdhury for previously engaging in protected civil rights activity?

        ☐ YES          ☑ NO

C. <u>Job Title and Duties</u>

    5.    If you find that the plaintiff had the official job title of "Project Manager," has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Martin Henning, to change the plaintiff's job title from "Project Manager" to "Senior Information Systems Specialist" and alter his assignments and duties was because Mr. Henning intentionally discriminated against Mr. Chowdhury on the basis of his race, religion, national origin or color?

        ☐ YES          ☐ NO

N̈ 6.    If you find that the plaintiff had the official job title of "Project Manager," has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Martin Henning, to change the plaintiff's job title from "Project Manager" to "Senior Information Systems Specialist" and alter his assignments and duties was because Mr. Henning intentionally retaliated against Mr. Chowdhury for previously engaging in protected civil rights activity?

☐ YES            ☒ NO

D.   Performance Improvement Plan

7.    Has the plaintiff proven by a preponderance of the evidence that the FDIC's decision, through Martin Henning, to place the plaintiff on a Performance Improvement Plan was because Mr. Henning intentionally retaliated against Mr. Chowdhury for previously engaging in protected civil rights activity?

☐ YES            ☐ NO

E.   Hostile Work Environment

8.    Has the plaintiff proven by a preponderance of the evidence that the FDIC Management created or condoned a hostile working environment because of Mr. Chowdhury's race, religion, national origin, color or sex?

☐ YES            ☐ NO

9. Has the plaintiff proven by a preponderance of the evidence that the FDIC Management created or condoned a hostile working environment because Mr. Chowdhury previously engaged in protected civil rights activity?

☐ YES  ☒ NO

F. Damages

10. If you answered yes to any of the previous questions, how much do you award the plaintiff in compensatory damages?

$ 1,125,000.00

DATE: Monday, March 7th 2011

_____
FOREPERSON SIGNATURE

4